```
RECEIPT #  34246
AMOUNT $  $150.00
SUMMONS ISS.  Y-5
LOCAL RULE 4.1
WAIVER OF SRV.  YES
MCF ISSUED
AO 120 OR 121
BY DPTY CLK  rmw
DATE  10-5-01
```

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ERIC LAMPREY and )   Civil Action No.
RAYMOND STEWART )
 )
Plaintiffs )
 )
v. )
 )
State Trooper MARK BLANCHARD, )   **01.11712 RCL**
Lieutenant detective )
JOHN J. MALONE )
Major RICHARD L. FRAELICK )
Methuen Police Detective )
MICHAEL PAPPALARDO, )
And the City of Methuen, )
 )
Defendants )

## COMPLAINT

### Introduction

1. This is an action for money damages for the violation of the Plaintiffs' constitutional rights brought pursuant to 42 U.S.C. s.1983 and 1988, as well as the Massachusetts civil rights statute: M.G.L. c.12 s.11(I). Defendant Mark Blanchard, while acting under color of law as an undercover State Police Officer, and in concert with Methuen Police officers, unlawfully pulled the Plaintiffs over without legal cause to stop them; illegally searched their car; and also conducted unconstitutional strip searches of their persons, all without probable cause or reasonable suspicion. Additionally Trooper Mark Blanchard and Methuen Police detective Michael Pappalardo illegally seized $749 of Plaintiff Stewart's personal funds.



1

2. Detective Lieutenant Colonel John J. Malone, supervisor of Trooper Blanchard, and Major Richard L. Fraelick, in charge of the detective division of the Massachusetts Department of State Police, and the City of Methuen are each also liable for the actions of the Massachusetts State Police officers and Methuen Police officers respectively, because they maintain, endorse, approve or condone customs and policies which allow these officers to conduct unconstitutional searches and seizures.

### Jurisdiction

3. Jurisdiction is based upon 28 U.S.C. s.1331 to adjudicate claims arising from federal law and on 28 U.S.C. s.1343 to adjudicate civil rights violations.

### Parties

4. Plaintiff Raymond Stewart is a resident of the town of Londonderry and the State of New Hampshire.

5. Plaintiff Eric Lamprey is a resident of the town of Londonderry and the State of New Hampshire.

6. Defendant Trooper Mark Blanchard was at all times relevant to this complaint a duly appointed Massachusetts State Trooper, acting under color of law, and is sued in his individual capacity.

7. Defendant Detective Lieutenant John J. Malone was at all times relevant to the complaint a supervisor of Trooper Mark Blanchard at the Massachusetts Department of State Police, acting under color of law, and is sued in his individual capacity.

8. Major Richard L. Fraelick was at all times relative to the complaint a supervisor of the Detective Division of the Massachusetts Department of State Police, acting under color of law, and is sued in his individual capacity.

9. Detective Michael Pappalardo is a Methuen Police detective, acting under color of law, and is sued in his individual capacity.

10. The City of Methuen is a duly organized municipality within the Commonwealth of Massachusetts.

### Facts

11. On January 29, 2001 the Plaintiffs Eric Lamprey and Raymond Stewart were illegally searched by Defendant Mark Blanchard, attired in plainclothes, as they entered Lawrence District Court, when he asked them to empty their pockets without probable cause.

12. After being searched by Defendant Blanchard the Plaintiff Stewart was again asked to empty his pockets when he went through the metal detector by uniformed court officers when actually they went into the courthouse.

13. On January 31, 2001 the Plaintiffs Eric Lamprey and Raymond Stewart were driving in Methuen in Stewart's car.

14. The Plaintiffs saw a Methuen cruiser behind them turn on its blue overhead lights, and accordingly pulled over and stopped.

15. The police car pulled directly behind them. Another marked police car pulled diagonally in front of them to block their escaping.

16. Immediately a black Acura pulled up next to their car on the left side, behind the driver's side door.

17.     Massachusetts State Police Trooper Mark Blanchard, in plain clothes, approached the passenger's side window with his hand resting on a holstered gun. Methuen Detective Pappalardo approached the driver's side. They ordered Stewart to put his hands on the steering wheel. Neither officer ever identified himself as a police officer.

18.     Stewart was then ordered out of his car. Stewart had not been allowed to put the car into park or shut off the engine, and it began to move forward.

19.     Defendant Blanchard yelled "put the car in park."

20.     As Stewart reached into the car to put it into park, Pappalardo yelled for him to "Freeze!"

21.     Defendant Blanchard said "He has to put it in park!"

22.     Defendant Pappalardo grabbed Stewart by the back of his shirt and threw him against the trunk of the car.

23.     Pappalardo turned Stewart's pockets inside out and asked if he had any sharp objects. Stewart said he did not.

24.     Stewart was questioned about why he was in the area, and why he had stopped at Demoulas' Market.

25.     Both Blanchard and Pappalardo were in plainclothes and never showed the Plaintiffs their badges or identified themselves as police officers.

26.     Stewart told the officers that he had come to pick up his friend Dave.

27. Methuen Police Detective Michael Pappalardo took Stewart's wallet, which contained the proceeds from his H&R Block tax refund check, which Stewart had just cashed at the Salem, NH Sears. Detective Pappalardo stated: "He has a good chunk of change here."

28. Trooper Blanchard asked Stewart; "Why are you coming down here with a lot of money for?"

29. Stewart said he has just cashed his tax refund and was in the area to see a friend.

30. Trooper Blanchard accused Stewart of coming there to buy drugs.

31. A tow truck arrived. While someone began searching Stewart's car, Pappalardo and Blanchard asked "Where are the drugs?"

32. At no time did the Plaintiffs give police permission to search Stewart's car.

33. Plaintiff Stewart stated emphatically "There are no drugs. We didn't buy any drugs."

34. Defendant Pappalardo told Stewart he was confiscating all of Stewart's money ($849), as the Commonwealth of Massachusetts could use it more than me.

35. Defendant Blanchard stated that if Stewart helped them out he would get his money back.

36. Plaintiff Eric Lamprey was taken into a Friendly's Restaurant, where he was strip-searched in the men's room.

5

37. Plaintiff Stewart was then ushered into the Friendly's where he also was strip searched in the men's room. He was forced to remove all of his clothing and spread his buttocks and bend over. He was then ordered to dress and escorted outside to the curb. His car had been already towed away.

38. Methuen Detective Pappalardo kept all but $100 of his funds from cashing his tax return. Defendant Trooper Mark Blanchard wrote a phone number: 978-375-5823 and the name "Mark B" on a piece of paper, then returned a single $100 bill and Stewart's wallet in Stewart's baseball cap, stating that if Stewart wanted the rest of his money back, Stewart could work out a deal. He was told that if he helped the police to set someone up, the rest of the money would be returned. They told Stewart that the money would not be returned if Stewart did not contract him by the following Monday.

39. Plaintiff Stewart was given no receipt, badge, number, name or business car.

40. As Stewart walked home, he looked through the materials Blanchard had given back to him. In his hat he found a speeding ticket issued for driving 55-mph in a 35-mph zone on Riverside Drive in Methuen at 13:40 hours. He had never been asked for his license and registration. He was not speeding when he was pulled over.

41. Plaintiff Stewart subsequently mailed in the speeding ticket, indicating he wished to contest the matter, and has subsequently never heard any response regarding it.

42. When Stewart recovered his car from the tow lot, after it had been seized for over 24 hours without him being able to recover it, the car had been dismantled and had been damaged in the process of searching for drugs. The glove box was broken; the console and boot around the emergency brake was broken; panels had been pulled off

from the interior of the car, and a previously unopened carton of cigarettes had been broken open and strewn around the car. Plaintiff Stewart had only recently purchased the car for $1,000. There was never any estimate to repair the vehicle, and the damage likely equaled the majority of the car's value. Plaintiff Stewart subsequently sold it for $300.

43. Stewart contracted Attorney John Bosk of Fitchburg on February 2, 2001, immediately after the incident.

44. Attorney Bosk called the number the individual had written on the piece of paper he handed to Stewart. The individual who answered refused to identify himself by name or badge number. Bosk identified himself as an attorney and spelled his name for him, asking him to call him back after he confirmed his status as an attorney. His call was never returned.

45. Attorney Stephen Hrones also called Defendant Blanchard, at the phone number indicated on the note, on February 8, 2001, and the money was returned, along with a receipt, which Plaintiff Stewart had not been given at the time the money was seized, on February 12, 2001.

46. As a result of the defendants' actions the Plaintiffs suffered great mental pain and suffering and humiliation. Raymond Stewart also sustained damages associated with police destroying the interior of his car, a full carton of cigarettes, the cost for towing and storage of the car, and being deprived of its use for over 24 hours. He was left with no ride out of Methuen to return home to New Hampshire.

## CAUSES OF ACTION

### Count I:  Violation of 42 U.S.C. §1983 by Officers Mark Blanchard and Michael Pappalardo

47. The Plaintiffs restate the allegations contained in paragraphs 1 to 40 and incorporates them herein.

48. The defendants' described conduct: illegally stopping the Plaintiffs; searching their persons without probable cause; strip searching them and seizing Stewart's property violated their constitutional rights as defined in the Fourth and Fourteenth Amendments to the U.S. Constitution.

### COUNT TWO:  Violation of 42 U.S.C. §1983 by Defendant Detective Lieutenant John J. Malone

49. The Plaintiffs restate paragraphs 1 to 42 and incorporates them herein.

50. Detective Lieutenant John J. Malone is Trooper Blanchard's supervisor at the Massachusetts State Police Essex County Detective Unit. He directs the policies and procedures that encourage and endorse troopers to conduct searches and seizures that violate the constitutional rights of citizens through conducting searches as described in this complaint.

### COUNT THREE:  Violation of 42 U.S.C. §1983 by Defendant Major Richard L. Fraelick

51. The Plaintiffs restate paragraphs 1 to 44 and incorporates them herein.

52. Major Richard L. Fraelick is in charge of the Massachusettss State Police Detectives Unit and directs the policies and procedures that endorse and encourage detectives of the Massachusetts State Police detectives to conduct searches and seizures in violation of the U.S. Constitution.

## COUNT FOUR: <u>Violation of 42 U.S.C. §1983 by Defendant City of Methuen</u>

53. The Plaintiffs restate paragraphs 1 to 46 and incorporate them herein.

54. The Defendant City of Methuen has a custom and policy of deliberate indifference to the rights of citizens by not adequately training and supervising its police officers on proper search and seizure and arrest procedures.

55. The City of Methuen has a custom and policy of deliberate indifference to the rights of its citizens by not adequately investigating citizen's complaints against the City's police officers, nor taking prompt disciplinary action against officers who violate the rights of citizens.

56. The City of Methuen has a custom and policy of deliberate indifference to the rights of its citizens by not adequately supervising officers who are prone to conducting illegal searches and seizures and arresting individuals without probable cause.

## COUNT FIVE: <u>Violation of M.G.L. c.12 §11(I) by all Defendants</u>

57. The Plaintiffs restate the allegations contained in paragraphs 1 to 50 above and incorporate them herein.

58. The Defendants violated the Plaintiff's Massachusetts Bill of Rights and U.S. Constitutional rights by force, violence and intimidation.

**Wherefore,** the Plaintiff requests this Honorable Court award:

a. Compensatory damages against the defendants jointly and severally;

b. Punitive damages against all defendants;

c. The costs of this action, including reasonable attorneys fees; and

d. Award such other and further relief, as this Court may deem necessary and appropriate.

9

A JURY TRIAL IS HEREBY DEMANDED.

Respectfully submitted
Eric Lamprey
Raymond Stewart
By their Attorney,

*Stephen Hrones*

Stephen B. Hrones
BBO#242860
Hrones & Garrity
Lewis Wharf-Bay 232
Boston, MA 02110-3927
(617) 227-4019

Dated: October 5, 2001

10

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

Eric Lamprey and Raymond Stewart

**DEFENDANTS**

01 11712 RCL

State Trooper Mark Blanchard, Lieutenant Detective John J. Malone, Major Richard L. Fraelick, Methuen Police Detective Michael Pappalardo and the City of Methuen

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** ROCKINGHAM
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ESSEX
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

The plaintiffs file a complaint pursuant to 42 U.S.C. Section 1983 alleging that the defendants conducted an illegal strip search while in their custody.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions)

JUDGE _____  DOCKET NUMBER _____

DATE 10/19/2001

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

01.11712RCL

FILED IN CLERK'S OFFICE
US DISTRICT COURT
DISTRICT OF MASSACHUSETTS
OCT 5  11 17 AM '01

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Eric Lamprey and Raymond Stewart v. State Trooper Mark Blanchard, Lt.Det. John J. Malone, et al__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   __ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X  II.  195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730, 740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

   __ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   __ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   __ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   None

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   No

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? No
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _____

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? No

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES_____ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES_____

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES_____ (a)    IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? _____

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION _____ OR WESTERN SECTION _____

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Stephen B. Hrones__
ADDRESS __Lewis Wharf-Bay 232, Boston, MA 02110-3927__
TELEPHONE NO. __(617) 227-4019__

(Category.frm - 09/92)